UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ALLEN ATKINS,

          Plaintiff,          Case No. 2:22-cv-222

v.                              Honorable Paul L. Maloney

UNKNOWN HENNING et al.,

          Defendants.
_____/

## OPINION

      This is a civil rights action brought by a state prisoner under 42 U.S.C. §§ 1983 and 1985. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, Plaintiff's First Amendment free exercise claims, Fourteenth Amendment due process claim, claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), and any claims under § 1985 Plaintiff's First Amendment retaliation claims against Defendants Henning, Corey-Spiker, and Bellanger remain in the case. Additionally, Plaintiff's motion to expedite (ECF No. 7) will be denied.

**Discussion**

**I.     Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. The events about which he complains occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the following URF staff: Property Officer/Property Manager Unknown Henning, Resident Unit Manager and Deputy Warden Terri Corey-Spiker, and Sergeant Lisa Bellanger.

Plaintiff alleges that he was sexually assaulted by non-party Kinross Correctional Facility (KCF) Officer Shields on August 26, 2020. (Compl., ECF No. 1, PageID.4.) Following the alleged assault, Officer Shields issued Plaintiff a false Class I misconduct report for assault and battery. (*Id.*) That same day, non-party KCF Nurse Vieau also wrote Plaintiff a "false retaliatory [Class II] misconduct report." (*Id.*, PageID.4–5.) Plaintiff told Officer Shields, Nurse Vieau, and Officer Shields' non-party supervisors that Plaintiff planned to seek legal action against Officer Shields. (*Id.*, PageID.4.)

On August 29, 2020, Plaintiff was transferred to URF. (*Id.*) On September 8, 2020, an administrative hearing was held on Plaintiff's Class I misconduct report, which had been issued by Officer Shields. (*Id.*) Plaintiff was found not guilty because the Class I misconduct report was not reviewed within 24 hours of the time that it was written, as required by MDOC policy. (*Id.*; ECF No. 1-1, PageID.12.)

On September 8, 2020, or sometime before September 16, 2020, Defendant Corey-Spiker served as the hearing officer on Plaintiff's Class II misconduct report by Nurse Vieau. (ECF No. 1, PageID.5.) Defendant Corey-Spiker "told Plaintiff that [the] team at URF don't help prisoners procute [sic] prison staff or 'get away' with assaulting prison staff, welcome to (URF), 'you are

2

f**ked!" (*Id.* (asterisks in original).) When Plaintiff told Defendant Corey-Spiker that he should be found not guilty, as he was in connection with the Class I misconduct, she replied that the finding was based on a technicality. (*Id.*) In response to Plaintiff's threat to reverse her decision on appeal and file a grievance against her, Defendant Corey-Spiker told Plaintiff that she would demand that the appeal be denied, and that the grievance not be processed. (*Id.*). Plaintiff filed a grievance against Defendant Corey-Spiker, but never received a response. (*Id.*)

Prior to December 1, 2022, Defendant Henning destroyed Plaintiff's "legal and religious property" because Defendant Corey-Spiker ordered Defendant Henning to do so "'in retaliation' for assaulting an officer, then trying to seek state police to arrest the same officer, and [for] threatening to file a grievance on Defendant Corey-Spiker." (*Id.*) Plaintiff filed a grievance related to the destruction of his property. (*Id.*) Plaintiff contends that, as a result of the destruction, "Plaintiff was unable to practice his religion for a long period of time." (*Id.*, PageID.7.)

Also prior to December 1, 2020, Defendant Bellanger gave Plaintiff a "direct order" to sign off on Plaintiff's grievance as resolved. (*Id.*, PageID.6.) Defendant Bellanger told Plaintiff that Defendant Corey-Spiker told Defendant Bellanger that Plaintiff tried to have an officer indicted on criminal charges, "which is not tolerated at URF." (*Id.*) Defendant Bellanger gave Plaintiff two options: (1) sign off on the grievance form and return to general population, or (2) get placed in segregation, have his property destroyed, and be transferred to Baraga Correctional Facility (AMF), a maximum-security prison. (*Id.*) Defendant Belanger also threatened to have an officer plant a set of URF blueprints in Plaintiff's cell during a cell search so that Plaintiff would be written up on a Class I Misconduct. (*Id.*) Plaintiff signed off on the grievance form. (*Id.*) Thereafter, Defendant Bellanger told Plaintiff that, if Plaintiff files a grievance against Defendant Bellanger, Plaintiff would be placed in segregation and transferred to AMF. (*Id.*, PageID.6–7.)

3

Plaintiff indicates that he intends to bring claims under § 1983 and § 1985. (ECF No. 1, PageID.1.) He alleges that Defendants Henning, Corey-Spiker, and Bellanger unlawfully retaliated against Plaintiff in violation of Plaintiff's First Amendment rights, that Defendants Henning and Corey-Spiker violated Plaintiff's First Amendment right to free exercise of his religion and rights under RLUIPA, and that Defendant Corey-Spiker violated Plaintiff's Fourteenth Amendment right to due process. (*Id.*, PageID.7–8.) Plaintiff seeks a declaratory judgment, and nominal and punitive damages. (*Id.*, PageID.9.)

## II.     Motion to Expedite

In Plaintiff's motion to expedite, he requests that the Court "expedite the proceedings" by serving his complaint. (ECF No. 7, PageID.37.) Plaintiff's request to serve the complaint is premature. Prior to service of the complaint, this action will be referred to the Court's *Pro Se* Prisoner Mediation Program. Accordingly, Plaintiff's motion to expedite (ECF No. 7) will be **DENIED** at this time.[1]

## III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

---

[1] In Plaintiff's motion to expedite, he references filing several motions in this action, as well as a letter addressed to the Clerk's Office. None of the documents referenced by Plaintiff were filed in this case. Because these documents were not filed in this case, the Court will not address any of the documents referenced by Plaintiff in his motion to expedite. As a courtesy to *pro se* Plaintiff, the Court will direct the Clerk to send Plaintiff a copy of the docket sheet for this action.

4

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. First Amendment

Included within Plaintiff's complaint are claims against all Defendants for First Amendment retaliation and claims against Defendants Corey-Spiker and Henning for violation of the First Amendment's Free Exercise Clause. The Court will address each First Amendment claim in turn.

### 1. Retaliation

Plaintiff generally alleges that Defendants retaliated against Plaintiff in violation of Plaintiff's First Amendment rights. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must allege facts to demonstrate that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff alleges that the various actions of Defendants were done in retaliation for Plaintiff's threat to request a police investigation of Officer Shields, Plaintiff's threat to appeal Defendant Corey-Spiker's finding on Plaintiff's Class II misconduct, and Plaintiff's threats to file grievances against Defendants. (ECF No. 1, PageID.5, 7.) Although Plaintiff has by no means proven his retaliation claims, based solely upon the facts as alleged, Plaintiff's First Amendment retaliation claims cannot be dismissed on screening.

### 2. Religious Exercise

In addition to his retaliation claims, Plaintiff brings claims against Defendants Corey-Spiker and Henning for violation of Plaintiff's right to freely exercise his religion, contending that Plaintiff was "unable to practice his religion for a long period of time" due to the destruction of his religious property. (ECF No. 1, PageID.7.)

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . ." U.S. Const. amend. I. The right to freely exercise one's religion falls within the fundamental concept of liberty under the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). Thus, state legislatures and those acting on behalf of a state are "as incompetent as Congress" to interfere with the right. *Id.*

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held; and (3) Defendants' behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001); *Bakr v. Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997).

An action will not be considered to infringe on a prisoner's free exercise unless it "places[s] a substantial burden on the observation of a central religious belief or practice . . . ." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). "[T]he Supreme Court has made clear that the 'substantial burden' hurdle is high" and "a difficult threshold to cross." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734, 736 (6th Cir. 2007). "[A] 'substantial burden' must place more than an inconvenience on religious exercise." *Id.* at 739 (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)). A particular government action will not be considered a substantial burden merely because it "may make [the] religious exercise more expensive or difficult . . . ." *Id.*

7

In this case, Plaintiff's free exercise claims are entirely conclusory. While Plaintiff states that he is "Muslim, pursuant to the 'Islamic Sect of Nation of Islam'" (ECF No. 1, PageID.3), Plaintiff does not plead any facts to describe the sincerely held Islamic beliefs allegedly impacted by Defendants' actions. Plaintiff also alleges in a conclusory fashion that he was "unable to practice his religion for a long period of time," (*id.*, PageID.7), but Plaintiff fails to allege any facts regarding *how* he was unable to practice his religion. For example, Plaintiff does not plead facts that would suggest that all of his religious property was destroyed,[2] or facts to describe the amount of time that Plaintiff was without such property and whether the property was otherwise available, much less whether Plaintiff's sincerely held beliefs required Plaintiff to personally possess the particular property destroyed. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. The Court will therefore dismiss Plaintiff's free exercise claims.

**B.** **Fourteenth Amendment Due Process**

Plaintiff contends that Defendant Corey-Spiker violated Plaintiff's due process rights under the Fourteenth Amendment both through her refusal to dismiss the Class II misconduct, and through her order to Defendant Henning to destroy Plaintiff's legal and religious property without following proper prison policy. (ECF No. 1, PageID.8.).

**1.** **Class II Misconduct**

The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a

---

[2] Plaintiff describes that he was given "some of his property," but not all. (ECF No. 1, PageID.5.)

procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted), *partially overruled on other grounds by Sandin v. Conner,* 515 U.S. 472 (1995).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. Under *Sandin*, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995). Thus, the Sixth Circuit has routinely held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g.*, *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004), *overruled on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999).

As noted above, Plaintiff alleges that he was ultimately found guilty of a Class II offense. Under MDOC Policy Directive 03.03.105, a Class I misconduct is a "major" misconduct, while Class II and III misconducts are "minor" misconducts. *See* MDOC Policy Directive 03.03.105 ¶ B

(eff. July 1, 2018); *see also* MDOC Policy Directive 03.03.105 ¶ C (Apr. 18, 2022). Minor misconducts are ones for which inmates cannot be denied good time or disciplinary credits. MDOC Policy Directive 03.03.105 ¶ AAAA (eff. July 1, 2018); MDOC Policy Directive 03.03.105 ¶ DDDD (Apr. 18, 2022). The Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004), *overruled on other grounds by Maben*, 887 F.3d 252; *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003). Thus, Plaintiff cannot maintain a due process claim based upon misconduct proceedings where he was found guilty of a Class II offense.

It is also worth noting that, to the extent that Plaintiff's claim stems from Defendant Corey-Spiker's failure to enforce MDOC Policy Directive 03.03.105 ¶ KK (eff. July 1, 2018), requiring that Class II misconduct reports be reviewed by a supervisor within 24 hours of the issuance of the report, (ECF No. 1, PageID.8), as explained below, that failure is not enough to state a claim under § 1983.

An alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Plaintiff has not alleged any violation of federal law.

### 2. Destruction of Legal and Religious Property

Plaintiff's claim that Defendant Corey-Spiker violated Plaintiff's due process rights in ordering the destruction of Plaintiff's property in violation of prison policy, is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. *Id.* at 541. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Id.* at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson*, 468 U.S. at 530–36. Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state or any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state court action would not afford him complete relief for the deprivation of his personal property. Accordingly, Plaintiff's procedural due process claim regarding the deprivation of his property will be dismissed.

### C. Religious Land Use and Institutionalized Persons Act

Finally, in addition to Plaintiff's First Amendment free exercise claim, Plaintiff alleges that the destruction of Plaintiff's religious property by Defendants Corey-Spiker and Henning violated Plaintiff's rights under RLIUPA. (ECF No. 1, PageID.7.)

RLUIPA, 42 U.S.C. § 2000cc-1(a), provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to [a prison] . . . unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Id.*; *see also Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014). As with a free exercise claim, to establish a cognizable claim under RLUIPA, the inmate must first demonstrate that a prison policy substantially burdens a religious practice traceable to a sincerely held religious belief, *see Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005).

Again, Plaintiff includes only conclusory allegations of a violation of RLUIPA. Plaintiff's complaint contains no well-pleaded factual allegations that would plausibly suggest that Defendants' actions substantially burdened Plaintiff's religious practices. Thus, for the same reasons as discussed above in connection with Plaintiff's First Amendment free exercise claim, Plaintiff fails to plead sufficient facts to state a plausible claim under RLUIPA.

### D. Section 1985

Plaintiff references § 1985 in the introductory and jurisdictional sections of his complaint but does not make any further mention of § 1985. (ECF No. 1, PageID.1.)

To maintain a cause of action for conspiracy under 42 U.S.C. § 1985(3),[3] a plaintiff must establish the following four elements: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)); *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998). Moreover, the plaintiff must allege that there existed "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *see also Collyer*, 98 F.3d at 233. Plaintiff's complaint is devoid of facts suggesting that Defendant's alleged actions were motivated by Plaintiff's membership in a distinct class. Therefore, Plaintiff's § 1985 claim will be dismissed.

## Conclusion

Plaintiff's motion to expedite (ECF No. 7) will be denied. The Clerk will be directed to send Plaintiff a courtesy copy of the docket sheet for this action. Further, having conducted the review required by the Prison Litigation Reform Act, the Court will dismiss, for failure to state a claim, Plaintiff's First Amendment free exercise claims, Fourteenth Amendment due process

---

[3] Subsections (1) and (2) of § 1985 do not apply. Subsection (1) is inapplicable because Plaintiff does not allege a conspiracy to interfere with federal officers in the performance of their duties. See 42 U.S.C. § 1985(1). The first clause of subsection (2) is also inapplicable because Plaintiff does not allege that Defendant conspired to influence parties, witnesses, or jurors in federal court proceedings. See 42 U.S.C. § 1985(2). In addition, the second clause of subsection (2) is inapplicable because Plaintiff does not allege that Defendant conspired to "interfere with due process in state courts with the intent to deprive persons of their equal protection rights." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006).

claim, claims under RLUIPA, and any claims under § 1985. Plaintiff's First Amendment retaliation claims against Defendants Henning, Corey-Spiker, and Bellanger remain in the case.

An order consistent with this opinion will be entered.


Dated:   January 30, 2023                              /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge