UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| ALLEN ATKINS, #742687, )<br>                    Plaintiff, )<br>                                 )<br>-v-                              )<br>                                 )<br>UNKNOWN HENNING, *et al.*, )<br>                   Defendants. )<br>                                 ) | No. 2:22-cv-222<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDAITON

Plaintiff Atkins, a prisoner under the control of the Michigan Department of Corrections, alleges Defendants violated his civil rights.  Defendants filed a motion for summary judgment asserting the failure to exhaust administrative remedies (ECF No. 31).  The Magistrate Judge issued a report recommending the Court deny Defendant's motion (ECF No. 33).  Defendants filed objections (ECF No. 35).  The Court will adopt in part and reject in part the Report and Recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1. Forfeited Arguments.

Although not labeled as an objection, Defendants assert "[a]s a threshold matter" (PageID.173), that because Plaintiff did not respond to the motion, he forfeited any argument against their motion.  The Court overrules the objection.  Under both Rule 12(b)(6) and Rule 56, the moving party bears the burden of proof, regardless of whether an adverse party fails to respond.  *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).  Therefore, a court cannot grant a motion for summary judgment simply because the adverse party has not filed a response, and the court must examine the motion to determine whether the moving party has met its burden.  *Id.* at 455.  Here, the Magistrate Judge explains why Defendants' motion does not address the exhaustion arguments asserted in Plaintiff's complaint.  The Magistrate Judge concludes that Defendants did not meet their burden.

2. Exhaustion of Remedies.

The Magistrate Judge found that Defendants did not meet their burden to show that Plaintiff's ability to exhaust was not hindered.  The Magistrate Judge notes that "Atkins alleges that RUM Corey-Spiker interfered with the processing of at least one grievance and one misconduct appeal, and he alleges that he was repeatedly threatened and retaliated against for filing or threatening to file grievances" (PageID.149).

A. Grievance Process.

Defendants object (Objection 1).  Defendants contend that they presented evidence that Plaintiff was able to use the grievance procedure because he was filing Step III grievances during the relevant timeframe.  The Court overrules the objection.  Plaintiff does not assert

that Defendant Corey-Spiker interfered with Plaintiff's ability to file any and all grievances. He alleges that Corey-Spiker interfered only with the grievance and appeal concerning her.

B.  Misconduct Hearing.

Defendants object (Objection 2).  Defendants contend that, contrary to the allegations in the complaint (*see* ECF No. 1 PageID.5 ¶ 25), MDOC did address Plaintiff's appeal of the Class II misconduct hearing.  Defendants attach copies of the relevant documents (ECF No. 32-4).  The Court will uphold this objection.  Defendants' evidence establishes that MDOC granted Plaintiff a rehearing which was presided over by a different officer.  The officer found Defendant guilty and also found that Plaintiff's statement which were allegedly omitted from the hearing report had no bearing on the finding of guilt (*id.* PageID.132-33). This evidence contradicts Plaintiff's allegations and fulfills Defendants' burden for their motion.  Plaintiff has not created a genuine issue of material fact that Defendant Corey-Spiker retaliated by interfering with Plaintiff's appeal.

Accordingly, the Court **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation (ECF No. 33).  The Court grants in part and denies in part Defendants' motion for summary judgment (ECF No. 31).  The Court grants summary judgment only as to Plaintiff's retaliation claim against Defendant Corey-Spiker concerning the misconduct appeal.  All other claims remain, including Plaintiff's retaliation claim against Defendant Corey-Spiker concerning the grievance process.  **IT IS SO ORDERED.**

Date:   March 13, 2024                                            /s/  Paul L. Maloney
                                   Paul L. Maloney
                                    United States District Judge